UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JUAN OCAMPO,

Petitioner,

ORDER
07-CV-3445(JS)

-against-

SUFFOLK COUNTY SUPERIOR COURT,

Respondent.
----------------------------------X
APPEARANCES:

For Petitioner: Juan Ocampo, Pro Se
No. 00103-748
Moshannon Valley Correctional Center
Unit D-6
555 Cornell Drive
Philipsburg, PA 16866

For Respondent: Michael Blakey, Esq.
Suffolk County District Attorney's Office
200 Center Drive
Riverhead, NY 11901

SEYBERT, District Judge:

On August 13, 2006, Juan Ocampo ("Petitioner" or "Ocampo") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he received an illegal sentence and asking the Court to restore his status as a legal permanent resident. For the reasons set forth below, Ocampo's petition for a writ of habeas corpus is denied in its entirety.

## BACKGROUND

On June 1, 1982, Petitioner was indicted by a Suffolk County Grand Jury under Indictment No. 1418-82 for one count of Criminal Sale of a Controlled Substance in the First Degree and one count of Criminal Possession of a Controlled Substance in the First

Degree, both class A-1 felonies.

On July 26, 1982, Petitioner pleaded guilty to count one, as amended to Criminal Sale of a Controlled Substance in the Second Degree, a class A-II felony, in satisfaction of the indictment. On August 26, 1982, Petitioner appeared with counsel in the Supreme Court of Suffolk County (Jaspan, J.), and was sentenced to an indeterminate term of imprisonment from five years to life. Petitioner was advised of his right to appeal and remanded into custody. A Spanish interpreter participated in this proceeding. See plea minutes 07-3445 dated 7/26/82. Petitioner never filed or perfected any direct appeal from his judgment of conviction. See Pt'r application for a writ of habeas corpus, civil cover sheet (Docket #1, Attach. 1).

## DISCUSSION

### I. Petitioner's Writ Is Untimely.

The one year statute of limitations under the AEDPA applies to all state convictions that became final after April 24, 1996. See 28 U.S.C. § 2244(d)(1); Lindh v. Murphy, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 48 (1997). The AEDPA provides, in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such

> review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The Petitioner's conviction became final before the April 24, 1996 effective date of the AEDPA. The statute does not specifically indicate how its time limitations should apply to cases such as this one that became final before the statute's enactment. The Second Circuit has ruled that in such cases, prisoners have a one year grace period from April 24, 1996 to April 24, 1997 within which to file for habeas corpus relief. See Ross v. Artuz, 150 F.3d 97, 103 (2d Cir. 1998). Therefore, the Petitioner had until April 24, 1997, to file a petition for a writ of habeas corpus. Petitioner's August 13, 2007 filing is ten years after this grace period and is therefore untimely.

The AEDPA does allow tolling of the one-year limitations period for the time during which a properly filed application for State post-conviction or other collateral review is pending. See

28 U.S.C. § 2244(2). Assuming that such tolling is also applicable to the grace period,[1] this Court notes that Petitioner did not file any motions for state collateral review under § 440, and the time for doing so has long passed. Thus, statutory tolling does not apply, and Petitioner's writ remains untimely under 28 U.S.C. § 2244(d)(1)(A).[2]

II. Equitable Tolling Does Not Apply In This Case

The limitation period may be tolled for equitable reasons if Petitioner can demonstrate that (I) "extraordinary circumstances prevented him from filing his petition on time," and (ii) he "acted with reasonable diligence throughout the period he seeks to toll."

---

[1] See Luke v. Edwards, 168 F. Supp. 2d 104, 107 (S.D.N.Y., 2001) ("Prisoners such as petitioner, however, whose convictions became final prior to AEDPA's effective date of April 24, 1996, are given a one-year grace period in which to file their habeas petitions, that is, until April 24, 1997. Moreover, the grace period will be tolled while a properly filed application for State post-conviction or other collateral review with respect to the pertinent claim or judgment is pending.") (internal citations and quotations omitted).

[2] Petitioner provides no authority to support his assertion that his sentence is illegal based on new law. See Pt'r memorandum in support of his application for a writ of habeas corpus p. 10 ¶ 2 (Docket #1, Attach. 5). Petitioner cites two cases that do not have applicability to his circumstance: Lopez v. Gonzales, 549 U.S. 47, 127 S. Ct. 625, 166 L. Ed. 2d 462 (2006) (holding that conduct under a particular South Dakota penal statute was not an aggravated felony under the federal Controlled Substance Act and, therefore, that alien's deportation did not moot his appeal from the decision not to cancel his removal) and U.S. v. Toledo-Flores, 149 Fed. Appx. 241, (5th Cir. 2005), cert. dismissed 549 U.S. 69, 127 S. Ct. 638, 166 L. Ed. 2d 481 (2006) (Texas State conviction was held to be an aggravated felony under the Controlled Substances Act). Therefore, there is no statute of limitations issue under 28 U.S.C. § 2244(d)(1)(C).

Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000).

Petitioner has not provided this Court with any reason to toll the AEDPA statute of limitations, and a review of the record similarly does not indicate any circumstances which would warrant tolling. Accordingly, the Court holds that the doctrine of equitable tolling does not apply, and Petitioner is not excused from his failure to comply with the AEDPA time limitations.

III. A Certificate Of Appealability Is Denied

The Court will not issue a certificate of appealability in this case. Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C § 2253. The issues involved in this case are not debatable among reasonable jurors, a court could not resolve the issues in a different manner, and the questions involved do not deserve encouragement to proceed further. See Lucidore v. N.Y. State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000).

## CONCLUSION

This Court DENIES the petition for a writ of habeas corpus as untimely, and will not issue a certificate of appealability. The Clerk of the Court is directed to mark the matter as closed.

SO ORDERED.

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated: Central Islip, New York
April 19, 2010